UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23095

JUNE RAMDON,

    Plaintiff,

vs.

REGIONS HEALTHCARE SERVICES, LLC. and
VIVIAN O. ORIZU,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, June Ramdon, sues Defendants, Regions Healthcare Services, LLC. and Vivian O. Orizu, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, June Ramdon**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Ms. Ramdon was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Ms. Ramdon was a non-exempt employee of Defendants.

4. Ms. Ramdon consents to participate in this lawsuit.

5. **Defendant, Regions Healthcare Services, LLC.**, is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in this District and it conducts its for-profit business in Miami-Dade County.

6. **Defendant, Vivian O. Orizu,** was and is an owner / officer / director of the

corporate Defendant for the relevant time period. She ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

8. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim(s).

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received..

### *Background Facts*

10. Defendants have been at all times material engaged in interstate commerce in the course of their provision of home health care and services for others which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

11. Defendants also communicate with their workers by regularly and routinely using telephones, Internet, and/or facsimiles.

12. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors and/or the United States government.

13. Defendants' annual gross revenues derived from this interstate commerce are

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

believed to be in excess of $500,000.00 for the relevant time period.

14. In particular, Defendants own and operate an agency that provides home health care to patients at their home using computers, software, phones, computer networking equipment, toner, printers, pens, paper, supplies, furniture, phone systems, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

15. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her using telephones, personal care products, passing medications, and using other goods and supplies that moved through interstate commerce.

16. Plaintiff worked in a non-exempt capacity for Defendants.

17. In particular, Plaintiff worked for Defendants as a Registered Nurse providing home health care to a disabled person at his home from April 29, 2019 to May 5, 2019.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times that she worked each day, such records are in the exclusive custody of Defendants.

19. Defendants agreed to pay Plaintiff at the rate of $18.50 per hour for each hour worked.

20. In total, Plaintiff worked for 40 hours from April 29, 2019 to May 5, 2019 for Defendants.

21. Defendants failed and refused to pay Plaintiff *at all* for the 40 hours she worked from April 29, 2019 to May 5, 2019.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

22. Plaintiff attempted to resolve this matter with Defendants prior to resorting to litigation, but Defendants failed and refused to pay Plaintiff *at all* for her work despite her requests for payment and attempts to resolve this matter.

23. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

24. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – FLSA MINIMUM WAGE VIOLATION(S)**

Plaintiff, June Ramdon, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

25. Defendants willfully and intentionally refused to pay Plaintiff at least a minimum wage of $7.25/hour for each of the hours she worked from April 29, 2019 to May 5, 2019.

26. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours she worked from April 29, 2019 to May 5, 2019 violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that they were not required to pay her at least a minimum wage for all of the hours she worked from April 29, 2019 to May 5, 2019, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the minimum wages she earned from April 29, 2019 to May 5, 2019.

27. Plaintiff is entitled to a backpay award of the applicable minimum wage for all hours worked from April 29, 2019 to May 5, 2019, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, June Ramdon, demands the entry of a judgment in her favor and against Defendants, Regions Healthcare Services, LLC. and Vivian O. Orizu, after trial by

jury and as follows:

    a. That Plaintiff recovers compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recovers pre-judgment interest if she is not awarded liquidated damages;

    c. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That the Defendant be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    e. That Plaintiff recovers all interest allowed by law; and

    f. Such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
**(Against Regions Healthcare Services, LLC.)**

Plaintiff, June Ramdon, reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

28. Plaintiff and Defendant, Regions Healthcare Services, LLC., agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate her at the rate of $18.50 per hour, which amount(s) would be pro-rated for each portion of an hour worked.

29. Plaintiff performed under the parties' contract/agreement by performing work for Defendant, Regions Healthcare Services, LLC., as aforesaid.

30. Plaintiff then provided Defendant, Regions Healthcare Services, LLC., with her notes of the times she worked and services she performed.

31. Defendant, Regions Healthcare Services, LLC., nonetheless failed and refused to perform its commensurate obligation(s) to pay Plaintiff the agreed-upon rate for the 40 hours worked from April 29, 2019 to May 5, 2019, thereby breaching the Contract.

32. Plaintiff has been damaged in the amount of $740.00 as a result of Defendant's failure to pay her the agreed-upon amount for each of the 40 hours she worked from April 29, 2019 to May 5, 2019 by failing to pay her at all for these hours worked.

WHEREFORE Plaintiff, June Ramdon, demands the entry of a judgment in her favor and against Defendant, Regions Healthcare Services, LLC., for all damages suffered in the amount of $740.00, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT
**(Against Regions Healthcare Services, LLC.)**

Plaintiff, June Ramdon, reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

33. Plaintiff provided labor and services for Defendant, Regions Healthcare Services, LLC., from April 29, 2019 to May 5, 2019, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

34. Plaintiff expected to be paid a reasonable value for the labor and services she provided to and on behalf of Defendant, Regions Healthcare Services, LLC.

35. Defendant, Regions Healthcare Services, LLC., was unjustly enriched in that it accepted the benefits of the work performed by Plaintiff, was paid as a result of the work she performed, but yet it failed and refused to make payment to Plaintiff for such benefits.

WHEREFORE Plaintiff, June Ramdon, demands the entry of a judgment in her favor and against Defendant, Regions Healthcare Services, LLC., for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 25th day of July 2019.

Respectfully Submitted,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*